NOT FOR PUBLICATION

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

Nos. 25-13540, 25-13549
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ENRIQUE MENDOZA DELGADO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 8:18-cr-00524-WFJ-CPT-1,
8:19-cr-00288-WFJ-LSG-2

_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Mario Enrique Mendoza Delgado, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. The district court found that Mendoza Delgado was eligible for a sentence reduction but the sentencing factors under 18 U.S.C. § 3553(a) weighed against granting relief. Mendoza Delgado argues that the district court weighed the factors unreasonably and failed to consider important mitigating evidence. After careful review, we affirm.

## I.

In October 2021, Mendoza Delgado, a native and citizen of Ecuador, was jointly sentenced in two criminal cases for trafficking cocaine in a go-fast vessel on the high seas in October 2018 and June 2019.[1] *See* 46 U.S.C. §§ 70503(a), 70506(a) and (b). The district court found that he was responsible for trafficking a total of 1,833 kilograms of cocaine and that he acted as the captain. It calculated a total offense level of 35 and a criminal-history category of I, for an advisory sentencing range of 168 to 210 months. The district court sentenced Mendoza Delgado to a total of 140 months of imprisonment, a downward variance to account for his acute health needs and impoverished upbringing.

In 2025, Mendoza Delgado moved unopposed to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821.

---

[1] After the seizure of the first go-fast vessel in October 2018, Delgado was medically evacuated to Panama for treatment because of infected cuts on his hands, and then he was returned to Ecuador.

In relevant part, Amendment 821 added a new two-level decrease for defendants with no criminal-history points who meet certain other criteria.  *See* U.S.S.G. § 4C1.1.

Mendoza Delgado argued that Amendment 821 reduced his offense level to 33, for an amended guideline range of 135 to 168 months, making him eligible for a five-month reduction in his sentence.  He contended that the § 3553(a) factors supported a sentence reduction because he had no criminal history, accepted responsibility for his actions, grew up in poverty, and had a spotless disciplinary record in prison.

The district court denied relief under § 3582(c)(2), finding that the § 3553(a) sentencing factors weighed against a reduction.  The court acknowledged that Mendoza Delgado was eligible for a sentence reduction because Amendment 821 had the effect of reducing his guideline range to 135–168 months.  But the court said it was "exercising its discretion to deny such a reduction."  The court explained that Mendoza Delgado had participated in two international drug-smuggling conspiracies, acting as the master of the vessel on both occasions, and that he was responsible for transporting more than 1,800 kilograms of cocaine.  The court also noted that Mendoza Delgado was "a citizen of Ecuador and will be deported upon his release."  Mendoza Delgado now appeals.

## II.

We review a district court's decision whether to reduce an eligible defendant's sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion.  *United States v. Caraballo-Martinez*, 866 F.3d

1233, 1238 (11th Cir. 2017). A court abuses its discretion by failing to apply the proper legal standard or follow proper procedures when deciding under § 3582(c)(2). *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010). Further, "[i]n applying the abuse of discretion standard, we recognize that a district court has a range of choice, . . . and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *United States v. Campbell*, 491 F.3d 1306, 1310 (11th Cir. 2007) (cleaned up).

Under § 3582(c)(2), a district court may reduce a defendant's prison term if the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mendoza Delgado sought relief based on the part of Amendment 821 that added U.S.S.G. § 4C1.1, entitled "Adjustment for Certain Zero-Point Offenders." *See* U.S.S.G. Supp. app. C, amend. 821, pt. B. subp.1 (2023). The new guideline provides for a two-level decrease in the offense level if the defendant does not receive any criminal-history points and satisfies various other criteria. *See* U.S.S.G. § 4C1.1(a). That part of Amendment 821 was made retroactive. *See* U.S.S.G. § 1B1.10(d).

In considering a § 3582(c)(2) motion for a sentence reduction, a district court engages in a two-step process. *United States v. Williams*, 557 F.3d 1254, 1256–57 (11th Cir. 2009); *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). First, the court recalculates the amended guideline range that would have applied had the retroactive guideline amendment been in effect at sentencing.

*Williams*, 557 F.3d at 1256.  Then, "the court must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct." *Id*.  Nonetheless, "its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." *Id*. at 1256–57.

When evaluating the § 3553(a) sentencing factors, the district court is not obligated to address each of the § 3553(a) factors or all the mitigating evidence.  *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).  "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *Id*. (internal citation omitted).  An acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" suffices.  *Id*. at 1240–41.  While the court "must generally consider the parties' nonfrivolous arguments," it is "not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Concepcion v. United States*, 597 U.S. 481, 501 (2022).

Mendoza Delgado argues that the district court committed a clear error of judgment in balancing the § 3553(a) factors.  He contends that the court relied solely on the nature and circumstances of the offense, but failed to properly weigh the amended guideline range, the mitigating factors of his background and excellent conduct since his arrest, and the court's own prior downward

6                     Opinion of the Court                    25-13540

variance from the guideline range.  He asserts that, in cases filed by the Office of the Federal Defender, the district court has "systematically denied Amendment 821 Part B unopposed relief to every defendant convicted of a drug offense," reflecting "a predisposition" to deny relief in these cases and "not an individualized consideration."

Here, Mendoza Delgado has not shown that the district court abused its discretion by denying a five-month sentence reduction based on Amendment 821.  The court correctly found that he was eligible for a reduction, that the amended guideline range was 135 to 168 months, and that his request was unopposed.  But the court exercised its discretion to deny a reduction because, in its view, the § 3553(a) factors "militate[d] against a reduction."  The court noted that Mendoza Delgado "participated in two different international drug smuggling conspiracies," he was "identified as the master of the vessel" for both trips, and he was responsible for trafficking more than 1,800 kilograms of cocaine.

Although the district court did not go further and address Mendoza Delgado's § 3553(a) arguments specifically, the court did not have to explain its assessment of each of the § 3553(a) factors. *See Tinker*, 14 F.4th at 1241; *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that the fact that a district court fails to discuss a mitigating fact does not indicate the district court "erroneously ignored" or "failed to consider" that evidence).  The court's order otherwise reflects that the court had reviewed Mendoza Delgado's § 3582(c)(2) filings, which made arguments based

on § 3553(a), and that it had considered several § 3553(a) factors in its decision, including the nature and circumstances of the offense and the amended guideline range. *See Tinker*, 14 F.4th at 1241; *Williams*, 557 F.3d at 1257. We also note that the "same district court judge who sentenced [Mendoza Delgado] originally was the one who declined to resentence him," so the judge was familiar with the § 3553(a) factors and in the best position to assess whether relief was warranted. *United States v. Eggersdorf*, 126 F.3d 1318, 1323 (11th Cir. 1997).

Because the district court is afforded discretion in weighing the relevant factors, it was not required to give Mendoza Delgado's post-sentencing conduct significant weight. *See Williams*, 557 F.3d at 1256–57; U.S.S.G. § 1B1.10, cmt. (1)(B)(iii). As we noted, the court instead focused on the nature of the offense conduct, which was a permissible and highly relevant factor, and the post-sentencing evidence does not establish an abuse of discretion. As we've explained, the court is not required "to be persuaded by every argument parties make." *Concepcion*, 597 U.S. at 501. And even if we would have weighed the factors differently had it been our call to make, that's not enough to show an abuse of discretion. *See Campbell*, 491 F.3d at 1310. Notably, Mendoza Delgado's sentence is within the amended guideline range under Amendment 821, and "[w]e ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The record belies Mendoza Delgado's claim that the district court failed to conduct an individualized assessment in this case. The court expressly relied on undisputed facts about his offenses. That the court has employed similar reasoning in other § 3582(c)(2) denial orders does not, on its own, establish an abuse of the court's discretion in this case.

Finally, we note our agreement with Mendoza Delgado that his immigration status is not relevant to an assessment of the § 3553(a) factors. *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1253 (11th Cir. 2008) (holding that a court errs by basing a sentence on "unfounded assumptions regarding an individual's immigration status or on his personal views of immigration policy"). Nonetheless, he merely argues that the court erred "to the extent" it relied on that fact, not that the court in fact did so. And the record otherwise reflects that the court relied on the nature of the offense to deny a reduction.

For these reasons, we affirm the denial of Mendoza Delgado's request for a sentence reduction under § 3582(c)(2) based on Amendment 821.

**AFFIRMED.**